IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FANTASTIC SAMS FRANCHISE | § | |
| CORPORATION, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Case No. _____ |
| v. | § | |
| | § | |
| GERALD MOSLEY, | § | |
| | § | |
| *Defendant.* | § | |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Fantastic Sams Franchise Corporation (f/k/a Fantastic Sams Salons Corporation) ("Fantastic Sams"), through undersigned counsel, for its Complaint for Injunctive Relief based upon breach of contract, trademark infringement, trademark dilution, trade dress infringement, and unfair competition against Defendant Gerald Mosley ("Defendant" or "Mosley"), states as follows:

## NATURE OF THE CASE

1.     This is an action for breach of contract, trademark infringement, trademark dilution, trade dress infringement, and unfair competition arising from Defendant's violation of the non-competition provision, among other obligations, in Defendant's license agreement with Fantastic Sams, and his unauthorized use of Fantastic Sams' trademarks, trade name, and trade dress in commerce.

2.      Defendant has breached the non-competition provision by, among other things, operating a competing business, after the expiration of his license agreement, under the name Shear Perfection of Cypress, less than five miles from his former Fantastic Sams salon.

3.      Additionally, despite the expiration of the license agreement, Defendant is continuing to use Fantastic Sams' trademarks, trade name, and trade dress in the promotion and operation of his competing business.  Defendant's continued use and enjoyment of Fantastic Sams' trademarks, trade name, and trade dress after the effective date of the expiration of the license agreement is a violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

4.      As a direct and proximate result of Defendant's breaches of the license agreement, unlawful competition, and continued use of Fantastic Sams' trademarks and trade name, Fantastic Sams has suffered and will continue to suffer irreparable harm.

## THE PARTIES

5.      Plaintiff Fantastic Sams Franchise Corporation (f/k/a Fantastic Sams Salons Corporation) ("Fantastic Sams") is a Delaware corporation with its principal place of business located in Beverly, Massachusetts.

6.      Defendant Gerald Mosley ("Defendant" or "Mosley") is a natural person and, upon information and belief, a citizen and resident of the State of

Texas.  Defendant was the owner of a Fantastic Sams salon located at 14315 Cypress Rose Hill, Suite 120, Cypress, TX 77429.

### JURISDICTION AND VENUE

7.    This Court has jurisdiction pursuant to Sections 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116 (a) & 1121, and 28 U.S.C. §§ 1331, 1332(a), 1338, & 1367(a).   The amount in controversy, including the objects of the litigation, exceeds $75,000, exclusive of interest and costs.   There is complete diversity of citizenship between Fantastic Sams and Defendant.

8.    This Court has *in personam* jurisdiction over Defendant because he conducts business in this district, he is a resident of this district, and/or the events giving rise to Fantastic Sams' claims occurred in this district.

9.    Venue is proper in this judicial district under 28 U.S.C. § 1391, in that Defendant resides in, and a substantial part of the events or omissions giving rise to the claims asserted in the Complaint occurred in, this judicial district.

### FACTUAL BACKGROUND

### The Fantastic Sams® Marks

10.    Fantastic Sams is the franchisor of the Fantastic Sams Salons® brand of family hair care salons throughout the United States.

11.    Fantastic Sams' trademarks, service marks and logos (the "Fantastic Sams Marks") are on the principal register of the United States Patent and

Trademark Office.  Fantastic Sams has the exclusive right to use and to license the Fantastic Sams Marks and derivations thereof, as well as the distinctive Fantastic Sams System, which provides family hair cutting services to the public under the Fantastic Sams® name.  Fantastic Sams and its predecessors have continuously used each of the Fantastic Sams Marks since the date of their registration.

12.    Those registrations are in full force and effect, unrevoked, uncancelled, and incontestable pursuant to 15 U.S.C. § 1065.

13.    Fantastic Sams has given notice to the public of the registration of its trademarks and service marks as provided in 15 U.S.C. § 1111.

14.    Fantastic Sams uses or has used the Fantastic Sams Marks as abbreviations of its brand name.

15.    Through its franchise system, Fantastic Sams markets, promotes and provides services to its salon franchisees and subfranchisors throughout the United States.  In order to identify the origin of their salon services, Fantastic Sams allows its franchisees and subfranchisors to utilize the Fantastic Sams Marks.

16.    Fantastic Sams has invested substantial effort over a long period of time, including the expenditure of millions of dollars, to develop goodwill in its trade names and trademarks to cause consumers throughout the United States to recognize the Fantastic Sams Marks as distinctly designating Fantastic Sams salon services as originating with Fantastic Sams.

17.     The value of the goodwill developed in the Fantastic Sams Marks does not admit of precise monetary calculation, but because Fantastic Sams is one of the world's largest franchisors of family hair cutting salons and is widely known as a provider of quality salon services, the value of Fantastic Sams' goodwill exceeds hundreds of millions of dollars.

## The Fantastic Sams System

18.     One of the primary benefits of purchasing and maintaining a Fantastic Sams franchise is access to an established business model based on the Fantastic Sams System.

19.     Through the expenditure of considerable time, skill, effort and money, Fantastic Sams has developed a system for establishing and licensing distinctive, high quality hair salons serving the public under the Fantastic Sams® name (the "Fantastic Sams System").

20.     The Fantastic Sams System is a family hair care system that includes, but is not limited to, the common use and promotion of the name "Fantastic Sams" and other registered marks, educational and training programs, centralized advertising and marketing programs and standard policies, procedures, color schemes and techniques for operating Fantastic Sams salons.

21.     As part of the Fantastic Sams System, Fantastic Sams has developed significant amounts of confidential information.  Fantastic Sams' "Confidential

Information" includes, among other things: (1) methods and procedures relating to the development and operation of Fantastic Sams hair salons; (2) methods, procedures and techniques for marketing, selling and delivering hair care products and services; (3) annual national marketing plans; (4) quarterly national marketing plans; (5) quarterly regional marketing plans; (6) monthly product promotions strategies; (7) knowledge of test programs, concepts and results relating to new product offerings and marketing campaigns; (8) system sales/KPI reports; (9) proprietary hair care products; and (10) sources for the purchase of hair care products and other items necessary to operate a hair care salon.

22.    Significant portions of Fantastic Sams' Confidential Information are contained in its Operations Manual, a copy of which is provided to every franchisee solely for use in connection with the operation of a Fantastic Sams franchise.

23.    Each Fantastic Sams franchisee is required to operate its business in strict conformance with the Fantastic Sams System as a condition for its license to use the Fantastic Sams Marks.

24.    Franchisees are permitted on-going access to Fantastic Sams' Confidential Information.

25.    Fantastic Sams takes all reasonable steps to safeguard the secrecy of its Confidential Information, including having all its franchisees execute confidentiality agreements as part of their license agreements.

26.    Access by a Fantastic Sams competitor to Fantastic Sams' Confidential Information and methods of doing business would put Fantastic Sams and its franchisees at a severe disadvantage in the marketplace and may jeopardize their ability to continue in business.

## The Parties License Agreement

27.    Fantastic Sams is a party to a license agreement with Defendant for the operation of a Fantastic Sams salon located at 14315 Cypress Rose Hill, Suite 120, Cypress, TX 77429 (the "License Agreement").

28.    The License Agreement was entered into on or about April 18, 2005 and expired on April 17, 2016.  Upon the expiration of the License Agreement, Defendant did not seek to renew it for another term.

29.    Pursuant to Paragraph 12(d), Defendant agreed that upon the expiration of the License Agreement he must, among other things: (1) cease using the Fantastic Sams Marks; (2) cease using any trade dress imparted by Fantastic Sams; (3) transfer the telephone numbers used while operating as a Fantastic Sams franchisee to Fantastic Sams; (4) refrain, for a period of two years from the effective date of expiration of the License Agreement, from directly or indirectly

participating as an owner, partner, member, director, officer, employee, consultant, lender, or agent, or serve in any other capacity in any business engaged in the sale or rental of products or services the same as or substantially similar to those of the Fantastic Sams System, within a five mile radius of his former Fantastic Sams salon; and (5) not conduct business in any manner that gives the general public the impression that the License Agreement is still in force or that he is in any way associated with Fantastic Sams.

30.    The purpose of the covenants contained in Paragraph 12(d) of the License Agreement is to, among other things, provide Fantastic Sams the opportunity to sell new franchises in the area and to transfer customers to new or existing Fantastic Sams franchisees.  Specifically, Fantastic Sams will be unable to regain the customers and goodwill it loses by reason of Defendant's activities, and Fantastic Sams will be effectively precluded from operating a salon within the non-compete territory where the salon is located.

31.    Pursuant to Paragraph 12 of the License Agreement, Defendant expressly acknowledged that the restrictions contained in the License Agreement are fair and reasonable and do not impose an undue hardship on him.

32.    Pursuant to Paragraph 12 of the License Agreement, Defendant further expressly agreed that any violations of Paragraph 12(d) would cause

irreparable harm to Fantastic Sams and that injunctive relief would be appropriate in the event of his breaches of those provisions.

## DEFENDANT'S BREACHES OF THE LICENSE AGREEMENT

33.    As noted above, the License Agreement expired on April 17, 2016. Despite the non-competition covenant contained therein, Defendant and/or those acting in concert with Defendant are operating a competing salon, under the name Shear Perfection of Cypress, less than five miles from his former Fantastic Sams franchised business, using the same telephone number used while Defendant was a Fantastic Sams franchisee, using the Fantastic Sams Marks, and otherwise holding himself out to the public as being affiliated with Fantastic Sams, all in violation of the post-expiration obligations contained in the License Agreement.

34.    During a post-expiration inspection of Defendant's former Fantastic Sams salon, Fantastic Sams discovered a sign (a picture of which is included below) posted on the door of the location stating: "We're Moving!!  Starting May 1st You can find us just around the corner at 14710 Mueschke Rd. Suite 500 Cypress, TX 77429."  The sign further indicated that the new location was to be a Shear Perfection Hair Salon.



35.    During a conversation between Defendant and a Fantastic Sams employee regarding the sign posted on the front door, Defendant disclaimed any involvement with the competing business.

36.    A Facebook post (a copy of which is provided below) indicates that the address for Shear Perfection is 14710 Mueschke Road, Suite 500, Cypress, Texas 77429, the same address identified on the sign posted on the door of Defendant's former Fantastic Sams salon.



37.     The same Facebook post indicates that Defendant is using the same telephone number (281-758-0200) at his competing business that he used while a Fantastic Sams franchisee.

38.     Additionally, a search of the Yellow Pages online, at YP.com, shows that Defendant's competing location is being identified as a "Fantastic Sams" operating at 14710 Mueschke Road, Cypress, Texas 77429 and is using the same telephone number that Defendant used while a Fantastic Sams franchisee.

39.     Moreover, the advertisement reflected in the referenced Facebook post, promoting Defendant's competing business, includes a photograph of Defendant's former Fantastic Sams salon.

40.     During a visit to the competing business by an agent of Fantastic Sams, and despite Defendant disclaiming any involvement with the competing

business, it was discovered that that a sales tax permit displayed on the wall reflected the ownership of the competing business as Fantastic Enterprises, LLC and Gerald E. Mosley as the Registered Agent.

41.    A search of the Texas Secretary of State records indicates that Fantastic Enterprises, LLC is owned by Defendant and was the same business through which Defendant registered the assumed name "Fantastic Sams" while he was a Fantastic Sams franchisee.   Moreover, the same search of the Texas Secretary of State records reflected that an assumed name registration for "Shear Perfection of Cypress" was filed by Fantastic Enterprises, LLC and signed by Defendant in his capacity as a member of the company, on March 23, 2016.

42.    Additionally, a "Cosmetology Salon License" displayed in the competing business reflected a license number of 692916.  A review of the Texas Department of Licensing and Regulations reflected that the same license number is registered under the name "Fantastic Sam's-Cypress Rosehill."  The phone number associated with the license is currently issued to Defendant and his wife.

43.    Furthermore, a bank merchant authorization receipt received after the purchase of a haircut by Fantastic Sams' agent during his visit to the competing business, reflected, in the description line, that "Fantastic Sams-Cypress" was the merchant.

## <u>COUNT I</u>
## Breach of Contract - Post-Expiration Obligations

40.    Fantastic Sams realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41.    As discussed above, Defendant entered into a License Agreement with Fantastic Sams that contained certain post-expiration obligations required to be complied with upon the expiration of the License Agreement.

42.    Notwithstanding those obligations, Defendant and/or those acting in concert with Defendant are operating a competing salon, under the name Shear Perfection of Cypress, less than five miles from his former Fantastic Sams franchised business.  Moreover, Defendant and/or those acting in concert with him are using the same telephone number used while Defendant was a Fantastic Sams franchisee, are using the Fantastic Sams Marks in the operation of the competing business, and is otherwise holding himself out to the public as being affiliated with Fantastic Sams, all in violation of the post-expiration obligations contained in the License Agreement.

43.    As a direct and proximate result of Defendant's wrongful failure to comply with his post-expiration obligations, Fantastic Sams has been and continues to be injured in its business and property, and has and will continue to suffer irreparable injury.

## COUNT II
### Federal Trademark Infringement
### (Section 32 of the Lanham Act)

44.     Fantastic Sams realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

45.     Section 32 of the Lanham Act, 15 U.S.C. §1114(1)(a), provides in relevant part that "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause by mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

46.     Defendant's acts, practices, and conduct constitute an infringing use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of the Fantastic Sams Marks, and Defendant's sale, offering for sale, distribution or advertising of goods and services under the Fantastic Sams Marks, or any designs similar thereto, is likely to cause confusion or mistake or to deceive the public in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(l).

47.     As a direct and proximate result of Defendant's infringement, Fantastic Sams has been and is likely to continue to be substantially injured in its

business, including its goodwill and reputation.

48.   Fantastic Sams has no adequate remedy at law because the Fantastic Sams Marks are unique and represent to the public Fantastic Sams' identity, reputation, and goodwill, such that damages alone cannot fully compensate Fantastic Sams for Defendant's misconduct.

49.   Unless enjoined by the Court, Defendant will continue to use and infringe the Fantastic Sams Marks, to Fantastic Sams' irreparable injury.  This threat of future injury to Fantastic Sams' business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of the Fantastic Sams Marks and to ameliorate and mitigate Fantastic Sams' injuries.

## COUNT III
## Federal Unfair Competition
## (Section 43(a) of the Lanham Act)

50.   Fantastic Sams realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

51.   Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), provides in relevant part that "[a]ny person who, on or in connection with any goods or services...uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to

deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods [or] services . . . shall be liable in a civil action . . . ."

52.     Defendant's acts of sale, offering for sale, distribution or advertising of goods and services under the Fantastic Sams Marks, or any designs similar thereto constitutes unfair competition, false designation of origin, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

53.     As a direct and proximate result of Defendant's unfair competition, Fantastic Sams has been and is likely to be substantially injured in its business, including its goodwill and reputation.

54.     Fantastic Sams has no adequate remedy at law because the Fantastic Sams Marks are unique and represent to the public Fantastic Sams' identity, reputation, and goodwill, such that damages alone cannot fully compensate Fantastic Sams for Defendant's misconduct.

55.     Unless enjoined by the Court, Defendant will continue to use and infringe the Fantastic Sams Marks, to Fantastic Sams' irreparable injury.  This threat of future injury to Fantastic Sams' business identity, goodwill, and

16

reputation requires injunctive relief to prevent Defendant's continued use of the Fantastic Sams Marks and to ameliorate and mitigate Fantastic Sams' injuries.

**COUNT IV**
**Federal Trade Dress Infringement**
**(Section 43(a) of the Lanham Act)**

56.    Fantastic Sams realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

57.    Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), provides in relevant part that "[a]ny person who, on or in connection with any goods or services...uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods [or] services . . . shall be liable in a civil action . . . ."

58.    Defendant's acts of sale, offering for sale, distribution or advertising of goods and services using Fantastic Sams' trade dress, constitutes the use in commerce of false designation of origin, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic

17

origin of the parties' goods, services and commercial activities, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

59.     As a direct and proximate result of Defendant's infringing acts, Fantastic Sams has been and is likely to be substantially injured in its business, including its goodwill and reputation.

60.     Fantastic Sams has no adequate remedy at law because Fantastic Sams' trade dress is unique and represents to the public Fantastic Sams' identity, reputation, and goodwill, such that damages alone cannot fully compensate Fantastic Sams for Defendant's misconduct.

61.     Unless enjoined by the Court, Defendant will continue to use and infringe upon Fantastic Sams' trade dress, to Fantastic Sams' irreparable injury. This threat of future injury to Fantastic Sams' business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of the Fantastic Sams' trade dress and to ameliorate and mitigate Fantastic Sams' injuries.

## COUNT V
### Federal Trademark Dilution
### (Section 43(c) of the Lanham Act)

62.     Fantastic Sams realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

63.    Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), provides in relevant part that "[t]he owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use beings after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this section."

64.    The Fantastic Sams Marks have become "famous" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

65.    The use of the Fantastic Sams Marks by Defendant in connection with his competing business, after the Fantastic Sams Marks became famous, have caused and will continue to cause dilution and disparagement of the distinctive quality of the Fantastic Sams Marks, and have lessened and will continue to lessen the capacity of the Fantastic Sams Marks to identify and distinguish the goods and services of Fantastic Sams, all in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

66.    Defendant willfully intended to trade on the reputation of Fantastic Sams or to cause dilution of the Fantastic Sams Marks.

67.    As a direct and proximate result of Defendant's ongoing violation of Section 43(c) of the Lanham Act, Fantastic Sams has been seriously damaged and,

unless Defendant is restrained from future violations of Fantastic Sams' rights with respect to the Fantastic Sams Marks, will continue to be so damaged.

68.    Fantastic Sams has no adequate remedy at law because the Fantastic Sams Marks are unique and represent to the public Fantastic Sams' identity, reputation, and goodwill, such that damages alone cannot fully compensate Fantastic Sams for Defendant's misconduct.

69.    Unless enjoined by the Court, Defendant will continue dilute the Fantastic Sams Marks, to Fantastic Sams' irreparable injury.  This threat of future injury to Fantastic Sams' business identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of the Fantastic Sams Marks and to ameliorate and mitigate Fantastic Sams' injuries.

## <u>COUNT VI</u>
### Common Law Trademark Infringement

70.    Fantastic Sams realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

71.    Fantastic Sams has common law rights to the Fantastic Sams Marks.

72.    Defendant has used and continues to use the Fantastic Sams Marks in commerce in such a way that Defendant is intentionally causing customer confusion.

73.    Unless Defendant is restrained by this Court from continuing his use

of the Fantastic Sams Marks, these injuries will continue to occur.

74.   As a direct and proximate result of Defendant's acts of infringement alleged herein, Fantastic Sams has been damaged, and unless enjoined, will continue to sustain damages.

### COUNT VII
### Common Law Unfair Competition

75.   Fantastic Sams realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

76.   Defendant's acts of sale, offering for sale, distribution or advertising of goods and services under the Fantastic Sams Marks, or any designs similar thereto constitutes unfair competition in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of the common law.

77.   As a direct and proximate result of Defendant's unfair competition, Fantastic Sams has been and is likely to be substantially injured in its business, including its goodwill and reputation.

78.   Defendant's acts of unfair competition were and continue to be willful and have damaged Fantastic Sams.

79.   The foregoing acts of Defendant have caused Fantastic Sams irreparable harm, and unless enjoined, the acts of Defendant alleged herein will continue to do so.  Fantastic Sams has no adequate remedy at law.

## COUNT VIII
## Common Law Trade Dress Infringement

80.   Fantastic Sams realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

81.   Defendant's acts of sale, offering for sale, distribution or advertising of goods and services using Fantastic Sams' trade dress, or any designs similar thereto constitutes unfair competition in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of the common law.

82.   As a direct and proximate result of Defendant's infringing acts, Fantastic Sams has been and is likely to be substantially injured in its business, including its goodwill and reputation.

83.   Defendant's infringing acts were and continue to be willful and have damaged Fantastic Sams.

84.   The foregoing acts of Defendant have caused Fantastic Sams

irreparable harm, and unless enjoined, the acts of Defendant alleged herein will continue to do so. Fantastic Sams has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Fantastic Sams prays that this Court:

1. Enter an injunctive order directing Defendant and all those acting in concert or participation with him to comply with the post-expiration obligations under the License Agreement with Fantastic Sams, including but not limited to: (a) ceasing all use of the Fantastic Sams Marks; (b) transferring the telephone number used by Defendant while a Fantastic Sams franchisee to Fantastic Sams; (c) refraining, for a period of two years from the effective date of expiration of the License Agreement, from directly or indirectly participating as an owner, partner, member, director, officer, employee, consultant, lender, or agent, or serve in any other capacity in any business engaged in the sale or rental of products or services the same as or substantially similar to those of the Fantastic Sams System, within a five mile radius of his former Fantastic Sams salon; and (d) not conducting business in any manner that gives the general public the impression that the License Agreement is still in force or that Defendant is in any way associated with Fantastic Sams;

2. Enjoin Defendant and all those acting in concert or participation with him from (a) infringing upon Fantastic Sams' trademarks and trade name; (b)

holding himself out to the public as being affiliated with Fantastic Sams; and (c)

otherwise engaging in unfair competition with Fantastic Sams;

3.      Award Fantastic Sams its attorneys' fees and costs incurred in

connection with this dispute; and

4.      Award Fantastic Sams such other and further relief as this Court may

deem just and proper.

Dated: August 3, 2016                           Respectfully submitted,

                                                /s/ Dawn R. Tezino
                                                Dawn R. Tezino
                                                Texas Bar No. 24033382
                                                S.D. Texas Bar No. 1321281
                                                MehaffyWeber
                                                One Allen Center
                                                500 Dallas, Suite 1200
                                                Houston, TX 77002
                                                Telephone: (713) 655-1200
                                                Facsimile: (713) 655-0222
                                                Email: dawntezino@mehaffyweber.com

                                                *Attorneys for Plaintiff*

OF COUNSEL:
Scott McIntosh, *pro hac vice to be
filed*
Jonathan Labukas*, pro hac vice to
be filed*
**QUARLES & BRADY, LLP**
1701 Pennsylvania Ave NW, Suite
700
Washington, DC 20006
Telephone:  (202) 372-9512
Facsimile:  (202) 372-9596
Scott.McIntosh@quarles.com
Jonathan.Labukas@quarles.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2016, a copy of the foregoing document was filed electronically on the Court's Electronic Case Filing (ECF) system. A Notice of Electronic Filing (NEF) will be sent by operation of the Court's ECF system to the filing party, the assigned Judge and any registered user in the case as indicated on the NEF.

*/s/ Dawn R. Tezino*
Dawn R. Tezino