United States District Court
Southern District of Texas
**ENTERED**
July 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FANTASTIC SAMS FRANCHISE CORPORATION, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-16-2318 |
| § | |
| GERALD MOSLEY, § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiff Fantastic Sams Franchise Corporation's ("Fantastic Sams") motion for attorneys' fees, litigation expenses, and court costs. Dkt. 31. Having considered the motion, evidentiary record, and applicable law, the court is of the opinion that the motion (Dkt. 31) should be GRANTED IN PART AND DENIED IN PART.

**I. BACKGROUND**

On August 3, 2016, Fantastic Sams filed a complaint against defendant Gerald Mosley for preliminary injunctive relief, alleging breach of contract, unfair competition, and trademark and trade dress infringement and dilution under the Lanham Act and Texas common law. Dkt. 1. Mosley is a former franchisee of Fantastic Sams. *Id*. On April 18, 2005, Mosley entered into a ten-year franchise agreement with Fantastic Sams by contracting with Salons Corp. (the parent company to Fantastic Sams). Dkt. 2, Ex. A at 12 ("Franchise Agreement"). Mosley did not exercise his opportunity to renew the franchise, and the Agreement expired on April 17, 2016. Dkt. 1 at 7; Dkt. 16 at 7. The Franchise Agreement contains a Mediation and Arbitration provision for dispute resolution. Dkt. 2, Ex. A. at 31. However, Fantastic Sams reserved the right to seek temporary injunctive relief from a court of competent jurisdiction. *Id*.

Fantastic Sams's sought an injunction against Mosley because he was operating a competing hair salon, Shear Perfection of Cypress, in violation his contractual obligations under the Franchise Agreement. Dkt. 11. Mosley filed a motion to dismiss Fantastic Sams's claim. Dkt. 16. On November 29, 2016, the court held a hearing on the motion for a preliminary injunction. Dkts. 18. On December 23, 2016, the court granted in part Fantastic Sams's motion for preliminary injunction solely on the breach of contract cause of action. Dkt. 20. The court also denied Mosley's motion to dismiss. Dkt. 20.

On January 9, 2017, Fantastic Sams filed a motion to enforce the preliminary injunction. Dkt. 21. On January 13, 2017, Fantastic Sams filed a motion for summary judgment. Dkt. 22. The court denied the motion to enforce and granted in part Fantastic Sam's motion for summary judgment and issued a permanent injunction on the breach of contract cause of action. Dkt. 29. The court order enjoined Mosley, for a period of two years, from operating a competing hair salon within a five mile radius of his former Fantastic Sams franchise location, as required by his franchise agreement. Dkts. 20, 29.

On February 21, 2017, Fantastic Sams filed a motion for attorneys' fees, litigation expenses, and court costs. Dkt. 31. Mosley did not respond. The Franchise Agreement includes a clause that states:

> In the event it becomes necessary for either party to institute any action or proceeding to secure or protect such party's rights under this Agreement, the successful party shall be entlted to recover in any judgment its attorneys' fees, together with court costs, and any and all filing fees and litigation expenses.

Dkt. 2, Ex. A at 34.

## II. LEGAL STANDARD

Once a court has determined that a plaintiff is entitled to attorneys' fees, then it must determine the amount. *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000). The district court has "broad discretion in determining the amount of a fee award." *Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). Courts use a two-step process to calculate reasonable attorneys' fees. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 801 (5th Cir. 2006) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933 (1983)).

Second, the court considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case, under the twelve *Johnson* factors. *Migis*, 135 F.3d at 1047 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with

the client; and (12) awards in similar cases. *See id.* Texas courts weigh similar factors under Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct to determine reasonable fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

The movant seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933 (1983) ("The applicant should exercise 'billing judgment' with respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.").

## III. ANALYSIS

"State law controls both the award of and the reasonableness of attorneys' fees awarded where state law supplies rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, the prevailing party may recover attorneys' fees "only if specifically provided for by statute or contract" *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011). Here, the Fantastic Sams Franchise Agreement specifically provides for attorneys' fees, court costs, and litigation expenses. Dkt. 2, Ex. A at 34. Therefore, the court finds that Fantastic Sams is entitled to an award of attorneys' fees, litigation expenses, and court costs in accordance with its agreement with Mosley.

Fantastic Sams seeks $53,650.00 in attorneys' fees and $8,649.42 in costs. Dkt. 31 at 2. Mosley did not respond to Fantastic Sams's motion. Under Local Rule 7.4 "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. Therefore, the court treats Fantastic Sams's motion for attorneys fees, litigation expenses, and court costs as unopposed. *Id*. The court will first review the attorneys' fees and then consider the costs.

**A.     Attorneys' Fees**

This matter was initially handled by Quareles & Brady, LLP. Dkt. 31 at 3–4. At Quareles & Brady, LLP, Scott McIntosh billed 7.7 hours[1] at $450.00 per hour and his associate Jonathan Labukas billed 44.5 hours at $306 per hour, for a total of $9754.20. Dkt. 32 at 4–10. Then the matter was handed off to the firm of MehaffyWeber, P.C. There, two additional attorneys worked on the case. Dkt. 31, Ex. A at 37. Dawn Tezino billed 141.2 hours at $200 per hour and her associate Catherine Figueiras billed 53.4 hours at $150 per hour. *Id.* Tezino's two legal assistants collectively billed 7.2 hours at $90 per hour.[2]

First, the court will examine the reasonableness of the hours billed. "[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment." *Saizan*, 448 F.3d at 799. "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.* "The proper remedy for omitting evidence of billing judgment . . . does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Id.* The district court must determine whether the hours claimed are reasonably expended, and "[i]f more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously

---

[1] The motion incorrectly states that Scott McIntosh only billed 2.5 hours. Dkt. 31 at 5. However, the 2.5 hours are from the August 2016 bill. Dkt. 32 at 4. Mr. McIntosh also billed 5.2 hours in September 2016. Dkt. 32 at 8.

[2] The total billed by MehaffyWeber, P.C. is $36,898.00 (141.2 hours x $200/hour + 53.4 hours x $150/hour + 7.2 hours x $90/hour). Tezino's affidavit states her firm's attorneys' fees totaled $36,568.00. Dkt.31, Ex. A at 37. The court is unable to account for this small discrepancy.

be discounted." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 768 (5th Cir. 1996) (citing *Johnson*, 488 F.2d at 717).

Fantastic Sams argues that it exercised billing judgment because it is not requesting fees any of the motions filed after its motion for preliminary injunction. Dkt. 31 at 3. This includes the motion to enforce, motion for summary judgment, and attendance at the hearing for these later filed motions. *Id*. The court observes that Fantastic Sams was not the prevailing party in the motion to enforce, so it would not be entitled to fees for that motion. Dkt. 29. Further, Fantastic Sams argues that the hours its attorneys expended in preparation its successful motion for a preliminary and permanent injunction were "reasonable and necessary." Dkt. 31 at 4. However, the submitted bills do not offer any evidence in billing judgment. Dkt. 31, Exs. A, B. The attorneys do not appear to have discounted the hours billed to account for the duplication of effort between the two law firms and they do not provide documentation of hours that were written off as excessive, redundant, or otherwise unnecessary. *Id*.; *Walker*, 99 F.3d at 768. Therefore, the court exercises its discretion to make a downward adjustment of the hours billed by fifty (50) percent. *See Saizan*, 448 F.3d 795 at 799.

Second, the court examines the reasonableness of the rates billed. A reasonable rate for an award of attorneys' fees is the "prevailing market rates in relevant community" for attorneys of comparable experience employed in cases of similar complexity. *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). Fantastic Sams submitted evidence that the hourly rates billed by the attorneys were reasonable, based on the market rates for their community and the attorneys' expertise and experience. Dkt. 31, Exs. C, D, E. Mosley did not respond, so the court treats this argument as

6

unopposed. S.D. Tex. L.R. 7.4. The court agrees with Fantastic Sams that the rates charged are reasonable.

The court will therefore calculate the lodestar by multiplying the reasonable rates by the reasonable hours expended as discussed above:

- Scott McIntosh: 50% x 7.7 hours x $450.00 per hour = $1,732.50

- Jonathan Labukas: 50% x 44.5 hours x $306 per hour = $6,808.50

- Dawn Tezino: 50% x 141.2 hours x $200 per hour = $14,120.00

- Catherine Figueiras: 50% x 53.4 hours x $150 per hour = $4,005.00

- Tezino's legal assistants: 50% x 7.2 hours x $90 per hour = $324.00

Therefore, the court finds that the lodestar amount is $26,990.00.

Once the court has determined the lodestar, it may accept the lodestar or adjust it up or down using the *Johnson* factors. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The lodestar amount is presumed to be a reasonable fee and should be modified only in exceptional cases. *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638 (1992). "[A] party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." *Kellstrom*, 50 F.3d at 329 (quoting *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir. 1989)). Fantastic Sams has not argued for an adjustment of the loadstar amount. Dkt. 31. Therefore, the court finds that the loadstar amount is a reasonable fee and concludes that no adjustment is required. Fantastic Sams's motion for attorneys' fees is GRANTED IN PART in the amount of $26,990.00.

B.   **Litigation Expenses and Court Costs**

Under the Franchise Agreement, Fantastic Sams is also entitled to recover court costs, filing fees, and litigation expenses. Dkt. 2, Ex. A at 34. Fantastic Sams provides an itemized accounting of $12,283.13 in costs, fees, and litigation expenses. Dkt. 31 at 7, Ex. F. The expenses include a private investigator ($4,631.37), filing/recording fees ($400.00), reproduction costs ($1,311.50), courier delivery ($34.15), service of process ($96.00), on-line research ($2,714.71), records search ($1.50), long-distance telephone calls ($9.30), automobile expenses ($1000.00), and depositions ($2,064.50). *Id*. Fantastic Sams discounted its request for costs to $8,649.42. Mosley did not respond, and the court deems this request unopposed. S.D. Tex. L.R. 7.4. The court finds that the amount requested is reasonable. Therefore, Fantastic Sams's motion for costs in the amount of $8,649.42 is GRANTED.

## IV. Conclusion

Fantastic Sams's motion (Dkt. 31) is GRANTED IN PART AND DENIED IN PART. The court hereby AWARDS the following attorneys' fees and costs to Fantastic Sams:

(1) $26,990.00 in attorneys' fees; and

(2) $8,649.42 in costs

Further, pursuant to the court's February 15, 2017 Order and Permanent Injunction, Fantastic Sams has received the relief to which it is entitled from the district court under the Franchise Agreement. Dkt. 30. Therefore, the court *sua sponte* DISMISSES AS MOOT Fantastic Sams's remaining causes of action. Dkt. 1.

Signed at Houston, Texas on July 28, 2017.

_____
Gray H. Miller
United States District Judge